UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JYOTIKA SIMMONS,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 4:25-cv-12872

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

______________________________/

**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSE TO DISCOVERY REQUESTS (ECF NO. 25)**

Plaintiff filed this Federal Tort Claims Act case on September 9, 2025, alleging that she suffered injuries after being struck by a United States Postal Service ("USPS") mail delivery vehicle. (ECF No. 1). The case was referred to me for all discovery matters. (ECF No. 16). Plaintiff filed the instant Motion to Compel Responses to Discovery Requests on August 11, 2026 (ECF No. 25)[1]; Defendant filed its response on August 25, 2026 (ECF No. 27); and, the parties subsequently filed a joint statement of resolved and unresolved discovery issues on

[1] As explained to Plaintiff's counsel at the hearing, ongoing failure to follow E.D. Mich. LR 5.1 as to formatting and font size and/or Electronic Filing Policy and Procedure R. 19 as to exhibits will lead to future filings being stricken. Plaintiff is also encouraged to carefully read E.D. Mich. 7.1(a) and *Bridgewater v. Michigan Gaming Control Board*, Case No. 16-10782 (ECF No. 16, PageID.122 therein) before filing any additional motions.

September 14, 2026 (ECF No. 28). The joint statement identified that the only document request still at issue was Plaintiff's request for Defendant's driver's, Leahshire Dunklin-Stokes', "employment file documentation." (ECF No. 28, PageID.177). A motion hearing was held on September 17, 2026. Upon consideration of the motion papers, the arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein:

Plaintiff's Motion to Compel (ECF No. 26) is **DENIED** in part and **GRANTED** in part.

The Court **DENIES** Plaintiff's motion to the extent Plaintiff requests Leahshire Dunklin-Stokes' entire employment file. The request for production of the entire employment file is overly broad and would require the production of items recognized as confidential and private. *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999).

However, notwithstanding the parties' statement of resolved and unresolved issues, and in an effort to implement Rule 1's admonition for the Court to construe and administer the Rules in such a way as to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court recognizes that the crux of the oral argument had little to do with the employment file at issue in Discovery Request # 1 and everything to do with the

incident and accident reports at issue in Discovery Request # 2. (ECF No. 25, PageID.146-147.) Indeed, at the hearing, Plaintiff's counsel represented that he would be satisfied if the production were restricted to incident and accident reports involving Defendant driver's use of a motor vehicle. Moreover, Defendant was less concerned about producing accident and incident reports if limited to ones involving Plaintiff's work-related driving. As explained from the bench, Defendant's written objection that retrieval of these records would be unduly burdensome is **OVERRULED**, as Defendant has failed to support such an objection by affidavit, declaration or other evidence, and, in any case, the Court's analysis of the Rule 26(b)(1) relevance and proportionality factors, as articulated from the bench, favor production. Fed. R. Civ. P. 26(b)(1); *see In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-411 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008). Accordingly, the Court **GRANTS** Plaintiff's motion to the extent that Plaintiff seeks production of incident and accident reports held by Defendant involving Leahshire Dunklin-Stokes' operation of a motor vehicle in the course of her employment at USPS.

Defendant is **ORDERED** to produce any and all such incident and accident reports regarding Leahshire Dunklin-Stokes and the driving of a motor vehicle in the course of her employment at USPS on or before **October 19, 2026**.

Neither party is awarded costs or expenses.

**IT IS SO ORDERED.**[2]

Dated: September 22, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).